# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HUBBARD,<br><br>    Petitioner,<br><br>    v.<br><br>GIPSON,<br><br>    Respondent. | Case No.  1:14-CV-00509-LJO-SAB-HC<br><br>ORDER DENYING MOTION FOR ENLIGHTENMENT<br><br>(ECF No. 9) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On April 23, 2014, the Clerk of Court was directed to file the Petition from case no. 1:14-cv-00509-LJO-SAB- HC in case no. 1:13-cv-01758-LJO-JLT-HC as a Motion to Amend.  (ECF No. 7).  The Clerk of Court was also directed to administratively close case no. 1:14-cv-00509-LJO-SAB-HC.

On May 8, 2014, Petitioner filed the instant motion for enlightenment, which the Court will treat as a motion for relief from judgment pursuant to Federal Rules of Civil Procedure § 60(b).

Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

1

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Petitioner's arguments do not merit reconsideration of the administrative closing of this case. In his motion, Petitioner states that he filed this motion "to settle confusion of any justice or magistrate justice who misunderstands the facts of these petitions and declares an 'abuse of writ.'" (ECF No. 9 at 2). The only relief that Petitioner seeks is that the instant motion cure any claims of successive petitions. (ECF No. 9 at 2). However, as previously stated, Petitioner's petition in case no. 1:14-cv-00509-LJO-SAB was not considered successive, and the Clerk of court was directed to file the Petition from case no. 1:14-cv-00509-LJO-SAB- HC in case no. 1:13-cv-01758-LJO-JLT-HC as a Motion to Amend. (ECF No. 7). Therefore, Petitioner's petition was not dismissed as successive.

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for enlightenment is DENIED.

IT IS SO ORDERED.

Dated: **October 27, 2014**

UNITED STATES MAGISTRATE JUDGE

2